Terence Michael COXON; World
Money Managers,
Petitioners,

v.

SECURITIES AND EXCHANGE
COMMISSION, Respondent.

No. 03–73732.
SEC No. SEC 03–9218.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted June 7, 2005.

Decided June 29, 2005.

John W. Cotton, Cotton & Gundzik, Los Angeles, CA, for Petitioners.

John S. Yun, Securities & Exchange Commission, San Francisco, CA, Christopher Paik, Jonathan G. Katz, Esq., SEC—Securities & Exchange Commission, Washington, DC, for Respondent.

Before LAY,* REINHARDT, and THOMAS, Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

## MEMORANDUM**

Petitioners Terence Coxon and World Money Managers ("WMM") appeal the final order of the Security and Exchange Commission ("Commission") entered on August 25, 2003. We affirm.

A disgorgement calculation requires only a "reasonable approximation of profits causally connected to the violation." *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1192 (9th Cir.1998) (citation omitted). Any doubts regarding the amount to disgorge are resolved against the petitioners as any "risk of uncertainty should fall on the wrongdoer whose illegal conduct created that uncertainty." *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1232 (D.C.Cir.1989). Relying on expert testimony, the Commission properly found that only $100,000 was necessary to capitalize World Money Securities ("WMS") and operate it for the benefit of the Permanent Portfolio. Because WMS was instead capitalized with $950,000, the Commission reasonably concluded that $850,000 was being improperly diverted to WMS by the petitioners. There was also sufficient evidence that WMS was established and used by the petitioners to channel funds from the Permanent Portfolio to other business ventures to the benefit of the petitioners. The Commission reasonably concluded that the entire $850,000 could therefore be considered the petitioners' "ill-gotten gains."

It matters not that the petitioners did not pocket the entire $850,000; they had the benefit of using the entire sum to further their overall financial interests. *See First Pac. Bancorp*, 142 F.3d at 1192

& n. 6. Nor is it of any consequence that the Commission could not trace how the entire $850,000 was spent; it was reasonable for the Commission to infer that all $850,000 was available to and used for the benefit of the petitioners. *See id.* In light of the fact that the petitioners exercised control over the $850,000 in WMS, that a substantial portion of the $850,000 was traced to improper spending to serve the petitioners' interests, and that none of the $850,000 remained when WMS was liquidated years later, the Commission did not abuse its discretion in reasonably approximating the petitioners' "ill-gotten gains."

Further, the Commission did not abuse its direction in dismissing all proceedings against Alan Sergy. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

Next, the Commission did not abuse its discretion in concluding that WMM improperly sought reimbursements for "ordinary operating expenses" from the Fund's 12b–1 plans. It is irrelevant that the Fund's board approved the reimbursements, or that the Commission has not promulgated clear guidance as to what constitutes a "marketing expense" that can be reimbursed through a 12b–1 plan. The petitioners represented in the Fund's prospectus and in their Advisory Management Agreement that they would absorb certain costs and fees, including the expenses involved. The violation consisted of the petitioners' failure to honor their representation coupled with their seeking

sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and obtaining reimbursement from the plans.

Finally, the petitioners' failure to inform the Fund's board about the independent auditor's characterization of their reimbursements policy as being "aggressive" was simply one of many factors contributing to the Commission's finding that the petitioners violated the Advisers Act § 206(2). It was not an abuse of discretion for the Commission to take that factor into account when reaching its decision.

**Affirmed.**

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.